1   STEPHENS FRIEDLAND LLP
    Todd G. Friedland, Bar No. 187022
2   todd@sf-lawyers.com
    J. Gregory Dyer, Bar No. 218385
3   greg@sf-lawyers.com
    4695 MacArthur Court, Suite 310
4   Newport Beach, CA 92660
    Telephone:   (949) 468-3200
5   Facsimile:   (949) 468-3201

6   Attorney for Defendants TRANSTECH
    INFRASTRUCTURE LLC (erroneously sued as
7   TRANSTECH LLC) and RAVINDRA VERMA

8            **UNITED STATES DISTRICT COURT**

9   **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

10

11  CENTERPOINTE CAPITAL              Case No. SACV08-01178 CJC(FMOx)
    GROUP LLC, a Mauritius limited life
12  company, in its own name and on       **NOTICE OF MOTION AND**
    behalf of TRANSASIA                   **MOTION BY DEFENDANTS**
13  INFRASTRUCTURE HOLDING                **TRANSTECH INFRASTRUCTURE**
    LLC, a Nevada limited liability       **LLC AND DR. RAVINDRA VERMA**
14  company,                              **TO COMPEL ARBITRATION**
                                          **AND/OR STAY PROCEEDINGS;**
15                                        **JOINDER OF DEFENDANTS**
                   Plaintiff,             **TRANSTECH INFRASTRUCTURE**
16                                        **LLC AND DR. RAVINDRA VERMA**
                                          **IN MOTION TO COMPEL**
17  vs.                                   **ARBITRATION FILED BY**
                                          **DEFENDANT TRANSASIA**
18                                        **INFRASTRUCTURE HOLDING**
    TRANSASIA INFRASTRUCTURE              **LLC; MEMORANDUM OF POINTS**
19  HOLDING LLC, a Nevada limited         **AND AUTHORITIES IN SUPPORT**
    liability company; TRANSTECH          **THEREOF**
20  LLC, a Nevada limited liability
    company; CC INFRASTRUCTURE            Hearing Date:   December 15, 2008
21  MANAGEMENT SOLUTIONS                  Time:           1:30 p.m.
    PRIVATE LIMITED, an Indian            Courtroom:      9B
22  corporation; RAVINDRA VERMA,
    an individual; and DOES 1-50,
23  inclusive,                            Complaint Filed:   September 4, 2008
                                          Matter Removed:    October 21, 2008
24                 Defendants.            Trial Date:        None Set

25

26

27

28

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 310
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

NOTICE OF MOTION & MOTION BY TRANSTECH AND RAVINDRA
VERMA TO COMPEL ARBITRATION AND STAY PROCEEDINGS

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Monday, December 15, 2008, at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 9B of the United States District Court for the Central District of California (Southern Division), located at 411 West Fourth Street, Santa Ana, California 92701, defendants TransTech Infrastructure LLC (erroneously sued as TransTech LLC) ("TransTech") and Dr. Ravindra Verma ("Dr. Verma") (collectively, the "TransTech Defendants") will and hereby do move the Court for an order compelling Plaintiff Centerpointe Capital Group, LLC to arbitrate the sixth cause of action for breach of fiduciary duty, and for an order staying this claim pending completion of the arbitration.

PLEASE TAKE FURTHER NOTICE that the TransTech Defendants hereby join in the Motion to Compel Arbitration filed by Defendant TransAsia Infrastructure Holding LLC ("TransAsia"), which motion is incorporated herein by reference.

This Motion is brought on the grounds that Plaintiff's sixth claim for breach of fiduciary duty is intertwined with Plaintiff's breach of contract and account stated claims which directly relate to the Sale and Purchase Agreement entered into between Plaintiff and defendant TransAsia (the "Agreement").  Section 15.1 of the Agreement states that all disputes arising under the Agreement "shall be finally, exclusively and conclusively settled by reference to arbitration under the rules of Singapore International Arbitration Centre."  Because of this relationship, Plaintiff's sixth claim for breach of fiduciary duty is also subject to arbitration.  In the alternative, the Court should stay this claim as to the TransTech Defendants pending the outcome of the arbitration between Plaintiff and TransAsia as the outcome of the arbitration may render some, or all of the sixth claim moot, and, in any event, will impact the validity of the sixth claim.

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 310
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

NOTICE OF MOTION & MOTION BY TRANSTECH & RAVINDRA VERMA TO
COMPEL ARBITRATION & STAY PROCEEDINGS

1   This Motion is based upon this Notice, the attached Memorandum of Points and
2   Authorities, the Motion to Compel Arbitration filed by defendant TransAsia and all
3   documents and evidence related thereto, all pleadings and other records contained in the
4   Court's file, those matters and things of which this Court may take judicial notice, and
5   upon such further evidence and oral argument as may be presented at the hearing on the
6   Motion.

7   This motion is made following written communications between counsel for
8   defendants and plaintiffs and telephonic conference of counsel pursuant to Local Rule
9   7–3 which took place on November 7, 2008.

10

11   Dated:  November 12, 2008                STEPHENS FRIEDLAND LLP

12                                                      /s/ Todd G. Friedland
13                                              By:_____
14                                                 Todd G. Friedland
                                                   Attorneys for Defendants
15                                                 TRANSTECH INFRASTRUCTURE
                                                   LLC and RAVINDRA VERMA
16
17
18
19
20
21
22
23
24
25
26
27
28

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 310
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

2

NOTICE OF MOTION & MOTION BY TRANSTECH & RAVINDRA VERMA TO
COMPEL ARBITRATION & STAY PROCEEDINGS

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ……………………………………………………...… 1

II.   STATEMENT OF RELEVANT FACTS ……………………………… 3

    A.    The Purported $1.3 Million Obligation Arises from the
        Agreement, and the Agreement Reveals that
        Plaintiff is Not Entitled to the $1.3 Million ………………………   3

    B.    The Arbitration Provision……………………………………….. 3

III.  ARGUMENT ……………………………………………………...…… 5

    A.    Federal Policy Requires Broad Interpretation of the Arbitration
        Clause to Encompass the Claim Against the TransTech
        Defendants ……………………………………………………… 5

    B.    If Plaintiff's Claim Against the TransTech Defendants is Not
        Subject to Arbitration, the Court Should Stay the Sixth Claim
        Pending Completion of Plaintiff's Arbitration with TransAsia…..…… 8

IV.   CONCLUSION ……………………………………………………...…… 9

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 310
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

i

NOTICE OF MOTION & MOTION BY TRANSTECH & RAVINDRA VERMA TO
COMPEL ARBITRATION & STAY PROCEEDINGS

1

**TABLE OF AUTHORITIES**

2

<u>**Cases**</u>

3

*Barrowclough v. Kidder, Peabody & Co.,*
    752 F.2d 923, 938 (3rd Cir. 1985) ………………………………….    7

4

5

*Bischoff v. DirectTV, Inc.,*
    180 F. Supp. 2d 1097, 1114 (C.D. Cal 2002) ………………………    8

6

*Boston Telecommunications Group v. Deloitte Touche Tohmatsu,*
    278 F. Supp. 2d 1041, 1048 (N.D. Cal. 2003) ………………………    6

7

8

*Choctaw Generation Ltd. Partnership v. American Home Assur. Co.,*
    271 F.3d 403, 406 (2nd Cir. 2001) …………………………………    6

9

*Dominium Austin Partners, L.L.C. v. Emerson,*
    248 F.3d 720, 728 (8th Cir. 2001) …………………………………    6

10

*Grigson v. Creative Artists Agency L.L.C.,*
    210 F.3d 524, 528-31 (5th Cir. 2000) ………………………………    6

11

12

*Hughes Masonry Co., Inc. v. Greater Clark County Sch. Bldg. Corp.,*
    659 F.2d 836, 838-39 (7th Cir. 1981) ………………………………    6

13

14

*In re Oil Spill by Amoco Cadiz,*
    659 F.2d 789, 795-96 (7th Cir. 1981) ………………………………    7

15

*International Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH,*
    206 F. 3d 411, 417 (4th Cir. 2000) …………………………………    5

16

17

*Interocean Shipping Co. v. National Shipping & Trading Corp.,*
    523 F.2d 527, 539 (2nd Cir. 1975),
    *cert. denied,* 423 U.S. 1054 (1976). ………………………………    8

18

19

*Letizia v. Prudential Bache Securities, Inc.,*
    802 F.2d 1185, 1187-88 (9th Cir. 1986) ……………………………    7

20

*Mediterranean Enterprises, Inc. v. Ssangyong Corp.,*
    708 F.2d 1458, 1465 (9th Cir. 1983) ………………………………    8

21

22

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,*
    460 U.S. 1, 24 (1983) ………………………………………………    5

23

*MS Dealer Service Corp. v. Franklin,*
    177 F.3d 942, 947-48 (11th Cir. 1999). ……………………………    6

24

25

*Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
    7 F.3d 1110 (3rd Cir. 1993) …………………………………………    7

26

*Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.,*
    10 F.3d 753, 756 (11th Cir. 1993) …………………………………    6

27

28

*Thomson-CSF, S.A. v. American Arb. Ass'n.,*
    64 F.3d 773, 776 (2nd Cir. 1995) …………………………………    6

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 310
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

ii

NOTICE OF MOTION & MOTION BY TRANSTECH & RAVINDRA VERMA TO
COMPEL ARBITRATION & STAY PROCEEDINGS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*United Steelworkers of America v. Warrior & Gulf Navigation Co.*
    363 U.S. 574, 582 (1960) …………………………………..……………   5

*U.S. for the Use and Benefit of Newton v. Neumann Caribbean Int'l, Ltd.,*
    750 F.2d 1422, 1427 (9th Cir. 1985) …………………………..……………   9

*Westmoreland v. Sadoux,*
    299 F.3d 462, 467 (5th Cir. 2002) …………………………..…………….   6


**Statutes**

9 U.S.C. § 3 ……………………………………….…………………….   5


**Other Authorities**

Federal Arbitration Act ……………………………………………………   5

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 310
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

iii

NOTICE OF MOTION & MOTION BY TRANSTECH & RAVINDRA VERMA TO
COMPEL ARBITRATION & STAY PROCEEDINGS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiff's claims arise in large part from a Sale and Purchase Agreement ("Agreement") by and among Centerpointe, defendant TransAsia and a third party Parsons Brinckerhoff ("PBIDC"), and actions taken by the parties to the Agreement and their principals in relation to the transaction and the proceeds of the transaction. Centerpointe's primary allegation is that TransAsia breached the Agreement by failing to pay $1.3 million to Centerpointe (which Centerpointe claims to have acquired the right to receive from PBIDC).  Relatedly, Plaintiff alleges that TransTech and Dr. Verma owed a fiduciary duty to Plaintiff and breached that duty by, in part,  "refusing to make required distributions of development cost reimbursements to Plaintiff…refusing to make cash distributions to TransAsia's equity owners following the sale of a portion of TransAsia's (sic) in PASGIC." Compl., ¶ 41.  The same $1.3 million at issue in Plaintiff's breach of contract claim is the subject of the above-described breach of fiduciary duty allegations.  Compl., ¶ 42.

The Agreement indicates that Centerpointe's claims related to the $1.3 million fail because the Agreement expressly states that the $1.3 million liability is included in the purchase price Centerpointe paid for PBIDC's interest in TransAsia. Therefore, Plaintiff is not entitled to the $1.3 million.  Nevertheless, Plaintiff has chosen to pursue its specious claims, and has done so in the wrong forum.

Undoubtedly, as set forth in TransAsia's concurrently filed Motion to Compel Arbitration, arbitration is the sole forum for adjudication of Plaintiff's first and second claims arising from the Agreement.[1]  In particular, Section 15.1 of the Agreement expressly provides that all disputes arising out of or in relation to the Agreement must be finally, exclusively and conclusively settled by reference to arbitration under the rules of the Singapore International Arbitration Centre.

---

[1]     As previously noted, the TransTech Defendants hereby join, and incorporate herein by reference, TransAsia's Motion in its entirety.

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 310
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

1

NOTICE OF MOTION & MOTION BY TRANSTECH & RAVINDRA VERMA TO COMPEL ARBITRATION & STAY PROCEEDINGS

1
2
3
4
5
6
7
8

Although the TransTech Defendants are not themselves parties to the arbitration agreement (setting aside the fact that Dr. Verma executed the Agreement on behalf of TransAsia), the TransTech Defendants are entitled to enforce the arbitration provisions because Plaintiff's claim against the TransTech Defendants directly relates to the rights obligations arising under the Agreement.  Plaintiff alleges interdependent and concerted conduct between the TransTech Defendants and TransAsia, and the claims at issue all arise from and directly relate to obligations delineated in the Agreement.

9
10
11
12
13
14
15

Furthermore, even if the Court determines that Plaintiff's claim against the TransTech Defendants should not be arbitrated, the Court should stay prosecution of the sixth claim pending completion of Plaintiff's arbitration with TransAsia on the first and second claims because: (1) the outcome of the arbitration will directly impact the breach of fiduciary duty claim; (2) the absence of TransAsia will result in duplicative litigation and a waste of party and judicial resources; and (3) there is a substantial risk of inconsistent verdicts.

16
17
18
19

Therefore, the TransTech Defendants respectfully request that the Court order the sixth claim to arbitration.  Alternatively, the TransTech Defendants respectfully request that the Court stay prosecution of the sixth claim pending completion of the arbitration between TransAsia and Plaintiff.

20
21
22
23
24
25
26
27
28

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 310
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

2

NOTICE OF MOTION & MOTION BY TRANSTECH & RAVINDRA VERMA TO
COMPEL ARBITRATION & STAY PROCEEDINGS

## II.   STATEMENT OF RELEVANT FACTS [2]

### A.   The Purported $1.3 Million Obligation Arises from the Agreement, and the Agreement Reveals that Plaintiff is Not Entitled to the $1.3 Million.

Centerpointe claims that TransAsia breached the Agreement by failing to pay $1.3 million to Centerpointe, an amount which Centerpointe claims it is entitled to receive as the successor to PBIDC.

Notably, however, Section 1.2 of the Agreement expressly states that the PBIDC Purchase Price is *inclusive* of the $1.3 million liability (defined in the Agreement as the "PDC Amount").  Section 1.2 states:

> The Seller and the Purchaser both recognize and accept that TransAsia has an amount payable to PBIDC of USD One Million and Three Hundred Thousand Only (USD 1,300,000) as part of the initial project development costs ("PDC Amount") associated with the delivery of certain design and drawings for the SVBTC project.  This amount was earlier recorded by TransAsia as an amount payable to PBIDC, as and when PBIDC's sale of sale units in the Company would take place.  **The Parties acknowledge that the PBIDC Purchase Price is inclusive of the PDC Amount**.  (Emphasis added.)

Because the Agreement states that the PBIDC Purchase Price expressly *included* the $1.3 million TransAsia owed PBIDC, Centerpointe is not entitled to any additional payment from TransAsia.  This fact adversely impacts Plaintiff's breach of contract and account stated claims, as well as its breach of fiduciary duty claim.  Indeed, the claims related to payment of the 1.3 million should be dismissed.

### B.   The Arbitration Provision

Section 15.1 of the Sale and Purchase Agreement contains the following dispute resolution provision:

---

[2]     A more detailed recitation of the facts is set forth in defendant TransAsia's concurrently filed Motion to Compel Arbitration.

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 310
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

3

NOTICE OF MOTION & MOTION BY TRANSTECH & RAVINDRA VERMA TO COMPEL ARBITRATION & STAY PROCEEDINGS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> 15.1.  All disputes, differences, controversies and questions directly or indirectly arising at any time under, out of, in connection with or in relation to this Agreement (or the subject matter of this Agreement) including, without limitation, all disputes, differences, controversies and questions relating to the validity, interpretation, construction, performance and enforcement of any provision of this Agreement shall be finally, exclusively and conclusively settled by reference to arbitration under the rules of Singapore International Arbitration Center ("**SIAC**") ….

*See* Agreement, § 15.1.

Concurrently with the TransTech Defendants' filing of this Motion, TransAsia has also moved the Court to compel arbitration of Plaintiff's first and second claims against it, relying on the arbitration provision set forth in the Agreement.  Plaintiff's breach of contract claim, based on an alleged breach of Section 1.2 of the Agreement (pertaining to the $1.3 million), is clearly a dispute "directly or indirectly arising at any time under, out of, in connection with or in relation to [the] Agreement." Therefore, it must be "finally, exclusively and conclusively settled by reference to arbitration."

Likewise, Plaintiff's account stated claim relies on the Agreement to support the claim that $1.3 million is due and owing to Plaintiff pursuant to Section 1.2 of the Agreement.  As such, it is also a dispute "directly or indirectly arising at any time under, out of, in connection with or in relation to [the] Agreement," and thus must be settled "by reference to arbitration."

The sixth claim for relief is tied to the Agreement because it seeks the "$1.3 million PDC Amount payment that was not made."  *See* Compl., ¶ 42.  Plaintiff's claimed entitlement to this amount should be determined by an arbitrator, just as will occur as to Plaintiff's first and second claims.

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 310
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

4

NOTICE OF MOTION & MOTION BY TRANSTECH & RAVINDRA VERMA TO COMPEL ARBITRATION & STAY PROCEEDINGS

### III.   ARGUMENT

#### A.   Federal Policy Requires Broad Interpretation of the Arbitration Clause to Encompass the Claim Against the TransTech Defendants.

The Federal Arbitration Act ("FAA") strongly favors arbitration and any doubts should be resolved in favor of requiring arbitration. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983).  It is well established that an arbitration agreement should be enforced "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of America v. Warrior & Gulf Navigation Co.* 363 U.S. 574, 582-83 (1960).  Accordingly, when as here an action is brought upon an issue that should be referred to arbitration, the court must, "on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement…."  *See* 9 U.S.C. § 3.

Clearly, Plaintiff and TransAsia entered into a broad arbitration provision and agreed to arbitrate any claim related to the subject matter of the Agreement.  Even though the TransTech Defendants are not signatories to the Agreement, they are entitled to enforce the arbitration provision under the circumstances present in this case.

Courts permit non-signatories to enforce arbitration agreements under theories of (1) incorporation by reference; (2) assumption; (3) agency; (4) alter ego; and (5) equitable estoppel and contractual rights.  *International Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F. 3d 411, 417 (4th Cir. 2000) (citations omitted). In this instance, at a minimum, principles of equitable estoppel, agency and contractual rights provide independent bases to permit the TransTech Defendants to enforce the arbitration clause against Plaintiff.

First, equitable estoppel allows a non-signatory to compel arbitration "when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and

5

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 310
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

NOTICE OF MOTION & MOTION BY TRANSTECH & RAVINDRA VERMA TO
COMPEL ARBITRATION & STAY PROCEEDINGS

1  one or more of the signatories to the contract." *Boston Telecommunications Group v.*

2  *Deloitte Touche Tohmatsu*, 278 F. Supp. 2d 1041, 1048 (N.D. Cal. 2003), *quoting*

3  *Westmoreland v. Sadoux*, 299 F.3d 462, 467 (5th Cir. 2002).  In particular, courts

4  consider whether the claims that the non-signatory seeks to arbitrate are "intimately

5  founded in and intertwined with the underlying contract obligations." *Choctaw*

6  *Generation Ltd. Partnership v. American Home Assur. Co.,* 271 F.3d 403, 406 (2nd

7  Cir. 2001) (internal citations omitted).

8        The test boils down to whether the non-signatory's claims are so intertwined

9  with the agreement that includes the arbitration provision that the signatories are

10  equitably estopped from avoiding arbitration.  *See Grigson v. Creative Artists Agency*

11  *L.L.C.*, 210 F.3d 524, 528-31 (5th Cir. 2000) ("quintessential situation for when the

12  doctrine should be applied").  This principle has been widely applied to permit non-

13  signatories to enforce arbitration clauses.  *See Dominium Austin Partners, L.L.C. v.*

14  *Emerson*, 248 F.3d 720, 728 (8th Cir. 2001); *International Paper,* 206 F.3d at 417-18;

15  *Thomson-CSF, S.A. v. American Arb. Ass'n.*, 64 F.3d 773, 776 (2nd Cir. 1995);

16  *Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.*, 10 F.3d 753, 756-58 (11th Cir.

17  1993); *Hughes Masonry Co., Inc. v. Greater Clark County Sch. Bldg. Corp.*, 659 F.2d

18  836, 838-39 (7th Cir. 1981).  For example, in *MS Dealer Service Corp.,* the Eleventh

19  Circuit enforced an arbitration clause where the plaintiff alleged that a non-signatory

20  conspired to induce the plaintiff to sign an automobile service contract.  *See MS*

21  *Dealer Service Corp. v. Franklin*, 177 F.3d 942, 947-48 (11th Cir. 1999).

22        As described above, Plaintiff clearly alleges "substantially interdependent and

23  concerted misconduct" by the TransTech Defendants and TransAsia.  *Boston*, 278 F.

24  Supp. 2d at 1048.  *See, e.g.,* Compl., ¶ 16 ("At the behest of Verma and TransTech,

25  however, TransAsia has breached its obligation to pay Plaintiff its $1.3

26  million . . . ."); Compl.,  ¶ 39 (TransTech was "a co-owner and member of

27  TransAsia;" Verma was "the individual personally responsible for the activities of

28  TransTech and the manipulation of the bank accounts of TransAsia acting on behalf

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 310
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

6

NOTICE OF MOTION & MOTION BY TRANSTECH & RAVINDRA VERMA TO
COMPEL ARBITRATION & STAY PROCEEDINGS

of and in the name of TransTech and TransAsia . . . ."); Compl., ¶¶ 41-42 ("Verma and TransTech breached their fiduciary obligations to Plaintiff and to TransAsia by . . . refusing to make required distributions of development costs to Plaintiff, while allowing such reimbursements to TransTech and CC (thereby causing TransAsia to be in breach of contract . . . .)" and caused harm to Plaintiff which includes "the $1.3 million PDC Amount payment that was not made.").

Thus, Plaintiff's claim against the TransTech Defendants is intertwined with its claims against TransAsia and its claim that it is entitled to $1.3 million under the Agreement.  When Plaintiff alleges that the TransTech Defendants misappropriated or otherwise mishandled $1.3 million, Plaintiff must necessarily claim that, under the Agreement, it was entitled to the monies in the first place and that the Agreement somehow divested Dr. Verma of his authority as the managing director and CEO of TransAsia.  It is impractical, if not impossible, to separate the matters alleged in the first and second claims from those in the sixth claim.  This is precisely the type of situation contemplated in decisional authorities imposing arbitration upon non-signatories.

Second, the agency/contract right theory provides a separate and additional ground on which the TransTech Defendants are entitled to enforce the terms of the arbitration clause.  The Ninth Circuit has made clear that "non-signatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles." *See Letizia v. Prudential Bache Securities, Inc.*, 802 F.2d 1185, 1187-88 (9th Cir. 1986) (holding arbitration clause applicable to non-signatory agent). Other federal circuits are in accord.  *See, e.g., Barrowclough v. Kidder, Peabody & Co.,* 752 F.2d 923, 938 (3rd Cir. 1985) *overruled on other grounds by Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110 (3rd Cir. 1993); *In re Oil Spill by Amoco Cadiz,* 659 F.2d 789, 795-96 (7th Cir. 1981); *Interocean Shipping Co. v. National Shipping & Trading Corp.,* 523 F.2d 527, 539 (2nd Cir. 1975), *cert. denied,* 423 U.S. 1054 (1976).

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 310
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

7

NOTICE OF MOTION & MOTION BY TRANSTECH & RAVINDRA VERMA TO COMPEL ARBITRATION & STAY PROCEEDINGS

Here, Plaintiff's Complaint clearly alleges that the TransTech Defendants were agents of TransAsia.  *See* Compl., ¶ 10 (". . . each of the defendants was the agent, employee, licensee, invitee, and/or assignee of the remaining defendants, and each of them, and in doing the things hereinafter mentioned was acting within the scope of such agency, employment, license, invitation, and/or assignment.").  Thus the TransTech Defendants are entitled to enforce the terms of the arbitration clause and Plaintiff's claims against the TransTech Defendants should be submitted to arbitration.

In sum, the claims made by Plaintiff with regard to the $1.3 million are hopelessly interdependent and intertwined, such that an injustice would occur if the sixth claim is not arbitrated along with Plaintiff's contract and account claims. Federal law clearly provides for a solution, and the Court should avail itself of that solution and refer the sixth claim to arbitration.

**B.     If Plaintiff's Claim Against the TransTech Defendants is Not Subject to Arbitration, the Court Should Stay the Sixth Claim Pending Completion of Plaintiff's Arbitration with TransAsia.**

If the Court finds that Plaintiff is not compelled to arbitrate the sixth claim against the TransTech Defendants, the TransTech Defendants respectfully request that the Court stay the sixth claim pending completion of the arbitration between TransAsia and Plaintiff on the first and second claims.  *Mediterranean Enterprises, Inc. v. Ssangyong Corp*., 708 F.2d 1458, 1465 (9th Cir. 1983) (court has "inherent power to control its own docket and calendar").

*Bischoff v. DirectTV, Inc.*, 180 F. Supp. 2d 1097, 1114 (C.D. Cal 2002) is instructive.  There, a stay applied to non-signatories of a Customer Agreement that contained an arbitration clause because common questions of fact were involved in the litigation and the arbitration.  Similarly, here, all of Plaintiff's claims arise out of the same set of operative facts and are inherently inseparable.  Judicial economy, avoidance of confusion and inconsistent results, and the fact that the threshold issues

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 310
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

8

NOTICE OF MOTION & MOTION BY TRANSTECH & RAVINDRA VERMA TO
COMPEL ARBITRATION & STAY PROCEEDINGS

in Plaintiff's first two claims against TransAsia must be determined before the issues in the sixth claim can be reached should be considered.  All of these factors weigh in favor of staying the sixth claim, even if the sixth claim is not itself arbitrable.  *Mediterranean Enterprises*, 708 F.2d at 1465; *accord U.S. for the Use and Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1427 (9th Cir. 1985) ("Considerations of economy and efficiency fully support the District Court's determination that the third party claim and other matters must await the final determination made in connection with the arbitration.").

## II.    CONCLUSION

Whether the fiduciary duty claim is also ordered to arbitration or stayed is within the Court's discretion, but in either event, Verma and TransTech should not be required to defend themselves against this questionable claim in this forum before the arbitrator rules on the viability of the claim.  Therefore, the TransTech Defendants respectfully request that the Court grant the Motion and order that Plaintiff's sixth claim for relief be referred to arbitration and that the action be stayed pending completion of the arbitration.


Dated:  November 12, 2008              STEPHENS FRIEDLAND LLP


                                               /s/ Todd G. Friedland
                                       By:_____
                                           Todd G. Friedland
                                           Attorneys for Defendants
                                           TRANSTECH INFRASTRUCTURE
                                           LLC and RAVINDRA VERMA.

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 310
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

9

NOTICE OF MOTION & MOTION BY TRANSTECH & RAVINDRA VERMA TO COMPEL ARBITRATION & STAY PROCEEDINGS